**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Vincent R. Zinno**<br>        **Plaintiff,**<br><br>        **v.**<br><br>**Geico General Insurance Company**<br>        **Defendant.** | **CIVIL ACTION**<br><br><br>**NO. 16-792-MMB** |

**MEMORANDUM RE:**
**Defendant's Motion for Judgment on the Pleadings**

Baylson, J.                                          September  19  , 2016

## I.    Introduction

        This case is a dispute over underinsured motorist insurance benefits. Plaintiff Vincent Zinno filed a Complaint against his insurance carrier, Geico which consists of two claims: (1) Breach of Contract, and (2) Bad faith under 42 Pa.C.S. § 8371. Defendant Geico filed a Rule 12(c) Motion for Judgment on the Pleadings as to the bad faith claim. For the reasons outlined below, Defendant's Motion as to the bad faith claim is granted without prejudice.

## II.    Factual and Procedural History

        Taking Plaintiff's allegations as true, the factual background is as follows. On May 14, 2013, Plaintiff Vincent Zinno was involved in an automobile accident. Compl. ¶ 7. Plaintiff suffered severe and permanent injuries, and the driver who caused the accident's bodily injury policy limits were not adequate to compensate Plaintiff for the injuries he sustained. Compl. ¶¶ 11, 12, 17. On January 28, 2015, Plaintiff made a written claim for underinsured motorist coverage under the policy he held with Geico. Compl. ¶ 29. Defendant has, thus far, declined to offer Plaintiff a settlement and has indicated that it will not refer the claim to arbitration. Compl. ¶ 35-36.

As a result of Defendant's refusal to settle, on February 19, 2015 Plaintiff filed a Complaint against Geico, for failure to award benefits under his underinsured motorist coverage. The Complaint consists of two claims: (1) Breach of Contract, and (2) Bad faith under 42 Pa.C.S. § 8371. Defendant Geico answered the Complaint on April 14, 2016. On April 19, 2016, Defendant Geico filed a Rule 12(c) Motion for Judgment on the Pleadings as to Count 2 of the Complaint. Plaintiff filed a Response on April 26, 2016, and Defendant filed a Reply on May 2, 2016.

## IV.   Legal Standard

A court may grant a Motion for Judgment on the Pleadings "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." DiCarlo v. St. Mary Hosp., 530 F.3d 255, 262 (3d Cir.2008). "The standard of review for a motion for judgment on the pleadings is identical to that of the motion to dismiss under Rule 12(b)(6)." Brautigam v. Fraley, 684 F. Supp. 2d 589, 591 (M.D. Pa. 2010). On a Rule 12(c) Motion for Judgment on the pleadings, the court is limited to the pleadings and attachments thereto. See NCMIC Ins. Co. v. Walcott, 46 F. Supp. 3d 584, 586 (E.D. Pa. 2014).

## V.   Discussion

The issue is whether Plaintiff has stated a claim for Bad Faith under 42 Pa. C.S. § 8371, which allows Plaintiffs to recover interest, punitive damages, court costs, and attorneys' fees for bad faith conduct by insurers in denying benefits or handling claims. See Terletsky v. Prudential & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994). To state a claim for bad faith, a plaintiff must allege sufficient facts to establish that (1) the insurer lacked a reasonable basis for denying the benefits under the policy and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. Post v. St. Paul Travelers Ins. Co., 691 F.3d 500, 523 (3d Cir. 2012).

2

This court has decided at least four similar cases (Rule 12(b)(6) or 12(c) motions on bad faith insurance claims under 42 Pa. C.S. § 8371) in the past eight years, including one decided this month. See <u>Murphy v. State Farm Mut. Auto. Ins. Co.</u>, No. CV 16-2922, 2016 WL 4917597 (E.D. Pa. Sept. 15, 2016); <u>Mills v. Allstate Ins. Co.</u>, No. CV 15-4824, 2015 WL 5707303 (E.D. Pa. Sept. 29, 2015); <u>Eley v. State Farm Ins. Co.</u>, No. CV 10-5564, 2011 WL 294031 (E.D. Pa. Jan. 31, 2011); <u>Robbins v. Metropolitan Life Ins. Co.</u>, No. CV 08-0191, 2008 WL 5412087 (E.D. Pa. Dec. 29, 2008).

Recently, in <u>Murphy</u>, the plaintiff alleged that defendant State Farm "[f]ailed to objectively and fairly evaluate Plaintiff's UIM claim; made settlement offers which it knows are insultingly low; [e]ngaged in dilatory and abusive claims handling; and [f]ailed to promptly offer payment to the Plaintiff" and as a result had acted in bad faith under 42 Pa. C.S. § 8371. <u>Murphy</u>, 2016 WL 4917597, at *4 (internal citations omitted).

In <u>Mills</u>, the plaintiff alleged that defendant acted in bad faith by "misrepresenting to Plaintiff . . . that his claim was not . . . covered under Defendant's policy"; "failing to effectuate a prompt, fair and equitable settlement of Plaintiff's claim"; "misrepresenting pertinent facts or policy or contract provisions"; "treating the Plaintiff with reckless indifference and disregard"; "not having a reasonable basis for denying Plaintiff's benefits under the policy and in knowingly or recklessly disregarding that fact"; and "interpreting ambiguous terms. . . in its favor and against Plaintiff." <u>Mills</u>, 2015 WL 5707303 at*3.

Similarly, in <u>Eley</u>, the plaintiff alleged that the defendant insurance company acted in bad faith because "there was no reasonable basis" for the Defendant's "[f]ailure to negotiate plaintiffs' . . . claim in good faith"; or Defendant's "[f]ailure to properly investigate and evaluate plaintiffs' insurance claim"; and "defendant knew or recklessly disregarded the fact that it had no

reasonable basis for its above conduct in handling plaintiff's claim." <u>Eley</u>, 2011 WL 294031 at*4.

Likewise, in <u>Robbins</u>, the plaintiff alleged that the defendant "fail[ed] to objectively and fairly evaluate Plaintiffs' claims; assert[ed] defenses without reasonable basis in fact; unnecessarily and unreasonably compel[ed] litigation; conduct[ed] an unreasonable investigation of Plaintiffs' claims; and unreasonably with[held] policy benefits." <u>Robbins</u>, 2008 WL 5412087 at *6.

In each of the above cases, this Court held that the allegations were conclusory in nature and were therefore insufficient to support a bad faith insurance claim. The allegations presented in this case are very similar to those in <u>Murphy</u>, <u>Mills</u>, <u>Eley</u>, and <u>Robbins</u>. Though Plaintiff Zinno includes seventeen "actions" taken by Geico that constitute bad faith, the alleged actions are repetitive and can be distilled to the following: Defendant has failed to evaluate Plaintiff's claim, Defendant has failed to make a reasonable settlement offer, Defendant is prioritizing its own interests over Plaintiff's interests, and Defendant is forcing Plaintiff to litigate to enforce his rights. <u>See</u> Compl. at ¶ 46. Given the conclusory nature of these statements, without further factual background and allegations, Plaintiff's allegations are insufficient to state a bad faith claim under the same reasoning in the four cases discussed above.

There is one additional allegation here that is more factual in nature. Plaintiff alleges that Defendant has refused to pay insurance proceeds based on an unreasonable opinion of a physician that Geico has "often used" to deny claims. The alleged "unreasonable report" stated that Plaintiff suffered no substantial injury. Plaintiff alleges this is unreasonable given the reports done by Plaintiff's treating physicians which reach opposite conclusions. The essence Plaintiff's allegation is that Defendant's expert reached an opposite conclusion as his own experts. This

allegation alone, without more, does not lead to a non-speculative inference of bad faith. See Eley, 2011 WL 294031 at *3 (an insurer does not act in bad faith by "investigating and litigating legitimate issues of coverage").

Plaintiff has attached additional evidence to his Response Brief that were not included with the Pleadings. In doing so, Plaintiff cites Federal Rule of Civil Procedure 12(d), essentially asking the court to convert this Motion to a Rule 56 Motion for Summary Judgment.

Notably, the evidence attached to Plaintiff's Brief, and the arguments presented based on this evidence arguably makes the allegation regarding the unreasonableness of Geico's doctor's report more plausible. Plaintiff's Brief also adds further context to its other allegations that is not present in the Complaint. However, on a Rule 12(c) Motion for Judgment on the pleadings, the court is limited to the pleadings and attachments thereto. See NCMIC Ins. Co. v. Walcott, 46 F. Supp. 3d 584, 586 (E.D. Pa. 2014). Therefore the court cannot consider the additional evidence presented by Plaintiff's Brief without converting the Motion to a Rule 56 Motion and allowing Geico to present additional evidence. See Fed. R. Civ. P. 12(d).

## VI.  Conclusion

Defendant's Motion to for Judgment on the Pleadings as to Count 2 of Plaintiff's Complaint, Bad Faith under 42 Pa. C.S. § 8371, is granted without prejudice. An appropriate order follows.

O:\CIVIL 16\16-792 Zinno v GEICO\Zinno v. Geico - Memorandum.docx