IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| VINCENT R. ZINNO<br><br>    v.<br><br>GEICO GENERAL INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 16-792 |
|---|---|

**MEMORANDUM RE DEFENDANT'S MOTION TO SEVER**

    This case concerns Plaintiff Vincent R. Zinno's contention that Geico General Insurance Company failed to honor the terms of the underinsured motorist provision of Zinno's insurance contract, and exhibited bad faith in its handling of Zinno's claim in violation of 42 Pa. C.S.A. § 8371.  Presently before the Court is Geico's motion to sever Zinno's breach of contract claim and to stay Zinno's bad faith claim.  For the reasons stated below, Geico's motion is denied.

### I.  Factual and Procedural Background

    On May 14, 2013, Zinno was involved in an automobile accident that he alleges caused him severe and permanent injuries.  ECF No. 23, Amended Compl. ¶¶ 7, 10, 11.  Zinno avers that the driver who caused the accident had insurance with bodily injury policy limits inadequate to compensate Zinno for the injuries he sustained.  Id. ¶¶ 12, 17.  On January 28, 2015, Zinno made a written claim for underinsured motorist coverage under the policy he held with Geico. Id. ¶ 29.  According to Zinno, Geico has, thus far, declined to offer a settlement and has indicated that it will not refer the claim to arbitration.  Id. ¶¶ 35-36.

    As a result of Geico's refusal to settle, on February 19, 2015 Zinno filed a Complaint against Geico for failure to award benefits under his underinsured motorist coverage (ECF No. 1).  The Complaint consisted of two claims: (1) breach of contract, and (2) bad faith under 42

Pa.C.S. § 8371. Geico answered the Complaint on April 14, 2016 (ECF No. 6) and on April 19, 2016 filed a Motion for Judgment on the Pleadings as to Count 2 of the Complaint (ECF No. 7). This Court considered Geico's pleading along with Zinno's Response (ECF No. 10) and Geico's Reply (ECF No. 11), and dismissed Zinno's bad faith claim without prejudice (ECF Nos. 20, 21). Zinno thereafter amended his complaint (ECF No. 23), and Geico answered (ECF No. 26). Geico then filed the instant motion to sever the counts into two separate trials and to stay discovery on the bad faith claim pending resolution of the contractual claim (ECF No. 27). On November 2, 2016, Zinno responded (ECF No. 30).

## II.    Legal Standard

Geico brings its motion under Federal Rule of Civil Procedure 42(b), which provides that a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The district court has broad discretion in its determination to sever and stay proceedings. Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978); Bechtel Corp. v. Local 215, Laborers' Intern. Union of N. Am., AFL-CIO, 544 F.2d 1207, 1215 (3d Cir. 1976). Bifurcation of issues for trial "is not to be routinely ordered," but is "encouraged where experience has demonstrated its worth." Robert Packer, 579 F.2d at 824 (quoting Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment).

A court's determination of whether to sever "requires balancing of several considerations, including 'the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation.'" Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa. 2000) (quoting German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1400 n.6 (2d Cir. 1995)). The court is specifically to consider: (1) whether the claims sought to be tried separately are significantly different from one another, (2)

2

whether the claims require different evidentiary proof, (3) whether the non-moving party will be prejudiced by severance, and (4) whether the moving party will be prejudiced by proceeding to one trial.  Id. (citing German, 896 F. Supp. at 1400).  The burden is on the moving party to demonstrate that bifurcation is appropriate.  Craker v. State Farm Mut. Auto. Ins. Co., No. 11-0225, 2012 WL 3204214, at *1 (W.D. Pa. Aug. 3, 2012).

### III.  Analysis

#### a. Parties' Contentions

Geico argues that a key reason to bifurcate is that each claim will rely on a different set of evidence.  It characterizes Zinno's underinsured motorist claim as requiring a negligence analysis, whereas the bad faith claim demands an inquiry into Geico's conduct towards Zinno.  Def.'s Brief at 5-6.  Geico further avers that allowing a jury to hear these separate sets of evidence together will be prejudicial and misleading because the jury would be asked to value Zinno's injuries while simultaneously considering the reasonableness of Geico's valuation.  Id. at 8.  Finally, Geico focuses on the discovery issues that would arise if the claims were not severed; namely, the fact that counsel to both parties may be necessary witnesses to the bad faith claim, and the prospect that discovery on the bad faith claim will implicate the attorney-client and work product privileges.  Id. at 7, 9.

Zinno, on the other hand, states that the evidence for each claim is in fact similar because the evaluation of an insurer's bad faith is more of a negligence analysis, like the underinsured motorist coverage claim, than a contractual one.  Pl.'s Brief at 4-5.  He argues that both claims require consideration of the amount of damages he suffered, and therefore will rely on the same testimony from largely the same witnesses.  Id.  In terms of counsel being necessary witnesses to the bad faith claim, Zinno states that they are not necessary and that the possibility they will be

3

called to testify is a risk of litigation that does not require bifurcation. Id. at 5-6. Finally, Zinno discusses the downsides of trying the claims separately and argues they outweigh any prejudice to Geico. Id. at 6-7.

### b. Discussion

In commercial or property damage cases, there may be complexities that warrant bifurcation; however, this is a personal injury case arising out of a motor vehicle accident. The key issue in the breach of contract claim is damages and the principal basis of the bad faith claim is delay: neither is a complex issue.

Having considered the parties' arguments and pertinent case law, we find that bifurcation is not warranted in this case because Geico has not shown that the level of prejudice it will face from proceeding to one trial on both claims outweighs the detrimental effects of severance. First, we note that although Geico is correct that the issues in the two claims are distinct, they are not as dissimilar as Geico contends. Geico states that the focus in the contractual claim will be on the injuries Zinno suffered and his resultant damages, while the bad faith claim will center on Geico's conduct vis a vis Zinno. Def.'s Brief at 5-6. That characterization fails to recognize that an evaluation of the reasonableness of an insurer's investigation necessarily includes analysis of the documentation the insurer relied on in coming to its conclusion. Indeed, "[Geico's] investigation did not occur in a vacuum," and the facts regarding the underlying accident and its consequent damages are relevant to it. Wagner v. Allstate Ins. Co., No. 14-7326, 2016 WL 233790, at *4 (E.D. Pa. Jan. 19, 2016) (holding that "the facts pertinent to [a bad faith claim and an underinsured motorist claim] overlap in many respects" because the reasonableness of an insurer's investigation "must be determined by reference to the circumstances surrounding the automobile accident and the nature of the injuries that [p]laintiffs suffered"); Griffith v. Allstate

4

Ins. Co., 90 F. Supp. 3d 344, 346-47 (M.D. Pa. 2014) (finding that "[t]he pivoting point for both [a bad faith claim and an underinsured motorist claim] will be the plaintiff's injuries, represented through relevant medical evidence and the defendant's claim file").

There is considerable overlap in the evidentiary proof relevant to each claim. Analysis of both claims is likely to require testimony from Zinno, Zinno's treating physicians, and Geico's medical expert as well as documentation regarding the accident, Zinno's injuries and the damages he suffered. Although foreseeable additional witnesses for the bad faith claim are the Geico personnel responsible for handling Zinno's claim, and counsel for either or both parties, it is likely that many witnesses, and much of their testimony, will be the same for both claims. It would be inconvenient and wasteful of judicial resources to require them to appear in two separate trials to testify on overlapping issues. See Craker, 2012 WL 3204214, at *1-2 (finding bifurcation inappropriate where "there [was] considerable overlap in the issues" and "many witnesses would be required to testify in both phases").

Second, Geico cites two cases that rest on facts distinguishable from the instant matter. In Corley v. Nat'l Indemnity Co. & Sterling Claim Servs., Inc., No. 16-584 (E.D. Pa. Sept. 9, 2016) this Court granted an insurer's motion to bifurcate and to stay, largely based on the differing degrees to which discovery was underway on the two claims. The Court's focus was on expediency – namely, an interest in coming to a speedy conclusion of the contractual claim, in which discovery was nearly completed and which would shortly be ready for trial, rather than waiting at least a year for discovery to conclude in the bad faith claim. Corley, No. 16-584, at *1. Those circumstances stand in contrast to the instant case, in which three months remain in both claims before discovery is scheduled to end and trial can commence.[1] See ECF No. 24,

---

[1] Although Geico contends that discovery is nearly complete in the contractual claim, and Zinno avers that it is still in early stages, what is pertinent to this analysis is the deadline in the governing Scheduling Order. Only once that

5

Scheduling Order (listing February 15, 2017 as end date for discovery). Corley is therefore not persuasive.

Geico further cites a recent opinion from this district in which the court disqualified counsel from proceeding to trial on an underinsured motorist claim and a bad faith claim because the attorney was a necessary fact witness in the bad faith claim. Adeniyi-Jones v. State Farm Mut. Auto. Ins. Co., No. 14-7101, 2016 WL 3551486, at *5 (E.D. Pa. June 30, 2016). Geico analogizes Adeniyi-Jones to the instant matter to argue that both its counsel and Zinno's counsel will be necessary fact witnesses in the bad faith claim, creating cause to sever the claims. Def.'s Brief at 7. But, it is not at all apparent that either counsel will be a necessary witness. Indeed, in Adeniyi-Jones the plaintiff's attorney was determined to be a necessary witness because she was the only individual who participated in the negotiations with the insurer which formed the crux of the plaintiff's case. Adeniyi-Jones, 2016 WL 3551486, at *3. Here, in contrast, Zinno's allegations are not based on the content of conversations or interactions between Zinno's counsel and Geico or Geico's counsel.

Rather, Zinno centers his bad faith claim on the length of time that Geico knew of Zinno's injuries and his resultant damages, Geico's failure to consider certain notes from Zinno's physician, its retention of Dr. Steven Fedder as an expert, its failure to attempt settlement of Zinno's claims, and its conduct in responding to discovery requests. See Amended Cmplt. ¶ 52. These are not allegations that depend on the testimony of either Geico's or Zinno's counsel in the way that they did in Adeniyi-Jones, where the crux of the dispute between the parties was the substance of the communications between plaintiff's counsel and the insurer, a topic to which only plaintiff's counsel could testify. Adeniyi-Jones, 2016 WL 3551486, at *3. Indeed, even if

---

has passed can the case move into its trial phase; therefore, discovery is not substantially completed, as it was in Corley.

counsels' testimony may be relevant in the instant case, "[t]he possibility that counsel will be called to testify is 'a risk of litigation' and does not require bifurcation." Craker, 2012 WL 3204214, at *2 (finding the fact that counsel may testify not determinative in consideration of a motion to bifurcate).  For the aforementioned reasons, neither Corley nor Adeniyi-Jones provides a compelling basis on which to bifurcate these claims.

     Third, Geico contends, without citation to any authority, that separate trials and a stay on discovery in the bad faith claim is necessary in order to assuage the potential for prejudice to both parties in the discovery process.  Def.'s Brief at 9.  Geico argues that work product it generated in preparation for litigation of the contractual claim would be relevant and discoverable in the bad faith claim, forcing Geico to either forfeit its privilege or claim it and thereby hamper Plaintiff's litigation of the bad faith claim.  Id.  In Wagner, the court confronted an identical situation and held that it did not warrant staying the bad faith claim.  Wagner, 2016 WL 233790, at *4.  Key to the court was the fact that the insurer's privilege would "not disappear merely because work product prepared in anticipation of litigation over one claim may also be relevant to a second claim."  Id. at *3.  Rather, the insurer would simply have to "prove its entitlement to work product protection, . . . [a fact] that does not justify the necessary expenditure of judicial resources and time" that severance would occasion.  Id. (citing Amitie One Condo Ass'n v. Nationwide Prop. & Cas. Ins. Co., No. 07-1756, 2010 WL 1052911, at *1 n.3 (M.D. Pa. Mar. 22, 2010) (considering motion to sever and stay a plaintiff's bad faith claim and holding that "the mere existence of [work product] discovery disputes [does not] warrant[] a stay")).

     We find the reasoning in Wagner persuasive, especially in light of the fact that the party most at risk of prejudice under the instant circumstances is Zinno, and he opposes Geico's

7

motion. By opposing severance, Zinno takes the risk that he may be vulnerable to not obtaining documents Geico would otherwise be willing to produce. Zinno has chosen this course rather than go through "the time and expense of having to participate in two separate rounds of discovery (and inevitable motion practice) accompanied by two separate jury trials." Wagner, 2016 WL 233790, at *3. Zinno's stance weakens Geico's position that severance is necessary to prevent prejudice in the course of discovery. See id.

### IV. Conclusion

For the reasons discussed above, we do not find that convenience to the parties, avoidance of prejudice, or efficiency warrants separation of the two claims or a stay on discovery in the bad faith claim. Geico's motion is therefore denied.

O:\CIVIL 16\16-792 Zinno v GEICO\16cv792 - Memo re Motion to Sever.docx